Hill agt. Russell.

March, 1846. J. W. Tompkins, Esq. Dear Sir—I have just received information of Mr. Reynolds that he will be in New York on Monday; on hearing from Mr. Clapp, to-day that you will oppose on retaxation of the costs in Brown agt. Ferguson, *I hasten to apprise you, in the hope that [*129] you may receive this in time to avoid a bootless journey through the mud. We now propose to retax the plaintiff's costs in Brown agt. Ferguson before Mr. Reynolds at his office in Sing Sing, on Monday week, the 23d instant, at 12 o'clock, M. Yours, &c., Thomas R. Lee."

On the 28th March, defendant's attorney learned that plaintiff's attorneys, had the costs retaxed before Mr. Reynolds; on the 23d March, no one appearing to oppose, they were taxed at the full amount.

Plaintiff's counsel insisted that the letter was a sufficient notice of retaxation to defendant's attorney.

J. W. TOMPKINS, *defendant's counsel and attorney.*
A. TABER, *plaintiff's counsel.*
LEE & BRIGGS, *plaintiff's attorneys.*

————————

JACOB P. HILL *et al.* agt. ISAAC F. RUSSELL.

Where plaintiff swears to the truth and materiality of several matters sought to be replied double, he will be allowed thus to reply, although such replication might be considered bad on demurrer.

*April Term,* 1846.

MOTION by plaintiffs for leave to reply double to the defendant's special plea of bankrupt's discharge.

First, a promise made by the defendant to the plaintiffs, to pay the debt or demands for the recovery of which this suit was brought, subsequent to the time the defendant's bankrupt's

discharge was granted. Second, that the debt or demands or some part thereof, for the recovery of which this suit was brought, was created while the defendant was acting in a fiduciary capacity, and that the debt or demands were not mentioned in any of the defendant's papers in his proceedings in bankruptcy, and the plaintiffs were not named therein as creditors of defendant; that the plaintiffs were not served with any notice of defendant's proceedings in bankruptcy, or with any notice of the defendant's petition or application for his discharge as a bankrupt, although the defendant well knew the place of residence of the plaintiffs. Plaintiffs' affidavits stated the above matters as facts, and alleged their materiality by way of replication.

Defendant's counsel objected: 1st, that plaintiffs must show the necessity of applying to this court for such leave.. [*130] 2d, there was no consideration *of the subsequent promise, and if defendant was not discharged as to the claim of plaintiffs, it was all they required to show.

J. H. COLLIER, *plaintiffs' counsel.*
R. BALCOM, *plaintiffs' attorney.*
R. H. NORTHROP, *defendant's counsel.*
ARMSTRONG & FLY, *defendant's attorneys.*

BEARDSLEY, Justice. Granted the motion, costs to abide the event, and suggested that on demurrer the validity of the pleas might be questioned, but would not decide as to that, the affidavit to the materiality of these separate matters was sufficient.